# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:96-CR-54-4 |
| | § | |
| MARKUS D. CHOPANE | § | |

## REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed March 21, 2006, alleging that defendant violated conditions of supervised release by failing to refrain from any unlawful use of a controlled substance and by failing to reside and participate as instructed in the community component of a community corrections center.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on February 12, 1997, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after being found guilty of conspiracy to interfere with commerce by threats or violence and aiding and abetting interference with commerce by threats of violence, which are both Class C felonies; and use or carry firearms in relation to a crime of violence, a Class D felony. The Class C felony offenses carried a statutory maximum imprisonment term of 20 years.  The Class D felony offense carried a statutory maximum of 5 years.  The guideline imprisonment range for both Class C  felony offenses, based on a total offense level of 20 and a criminal history category of I, was 41 to 51 months. The Class D felony, based on a total offense level of 20 and a criminal history category of I, was a 60 month consecutive sentence.  Defendant was subsequently sentenced to 51 months for both Class C felony offenses, to be served concurrently; and a term of 60 months as to the Class D felony, to run consecutively to all other terms of imprisonment, followed by 3 years supervised release for each count, to run concurrently.

On August 20, 1999, defendant was resentenced by The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, as the result of a ruling by the United States Court of Appeals for the Fifth Circuit.  The guideline imprisonment range was recalculated for both Class C felony offenses.  Defendant's

guideline imprisonment range, based on a total offense level of 20, and a criminal history category of I, was 33 to 41 months. The Class D felony term of imprisonment remained the same. Defendant was subsequently sentenced to 41 months for both Class C felony offenses, to be served concurrently; and a term of 60 months as to the Class D felony, to run consecutively to all other terms of imprisonment, followed by 3 years supervised release for each count, to run concurrently. Defendant's term of supervised release was subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; defendant shall not incur new credit charges or open additional lines of credit, $250 restitution, and a $100 special assessment.

## II.  The Period of Supervision

On November 4, 2003, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 21, 2006. The petition alleges that defendant violated the following conditions of release:

| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |

      Special Condition:         Defendant shall reside and participate in the community component of a community corrections center, as instructed, until successfully discharged.

As grounds, the petition alleges that defendant submitted urine specimens which tested positive for (1) marijuana on February 23, March 9 and March 20, 2004, and March 24, August 25 and November 1, 2005; (2) for codeine on March 9, 2004; and (3) phencyclidine (PCP) on November 28, 2005.  In addition, defendant also violated Bannum Place of Beaumont's (Bannum) rules by attempting to destroy property and ripping pages from its employment data log book, by signing out of Banuum for work, but failing to report to work on February 25, 2006, and March 4, 2006; and by possessing a cell phone at Bannum.

### IV.  Proceedings

On March 23, 2006, the undersigned United States Magistrate Judge convened a hearing, pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of

supervised release by failing to refrain from any unlawful use of a controlled substance when he submitted a urine specimen that tested positive for PCP on November 28, 2005.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose four (4) months imprisonment; followed by no additional period of supervised release.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from any unlawful use of a controlled substance when he submitted a urine specimen that tested positive for PCP on November 28, 2005.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by submitting a urine specimen that tested positive for PCP on November 28, 2005, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

  4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

  5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### Findings:

Defendant pleaded "true" to an alleged violation of a mandatory condition: failing to refrain from any unlawful use of a controlled substance.  Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard condition of supervised release in the manner alleged in the petition.  Defendant's violation is a Grade C violation with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

### Conclusion:

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with a condition of his supervision by failing to refrain

from any unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violations.

### RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release by failing to refrain from any unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of four (4) months, with no further supervision thereafter.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __27__ day of March, 2006.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge